IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NELSON KIRK,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-12-01213** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **SUPERINTENDENT DAVID VARANO,** | : | |
| ***et al.*,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Clyde Green, an inmate currently confined at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"), commenced this civil rights action by filing a complaint on June 26, 2012, pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1.)  Named as Defendants are several Pennsylvania Department of Corrections ("DOC") officials.[1]  In the complaint, Plaintiff asserts that Defendants violated his constitutional rights by transferring him to a facility which allegedly did not accommodate his religious right to a shave exemption.  As relief, Plaintiff seeks compensatory and injunctive relief.

Presently before the court is a motion to dismiss the complaint, filed by DOC Defendants.  (Doc. 11.)  For the reasons set forth below, the motion to

---

[1] Named as Defendants are David A. Varano, Superintendent at SCI-Coal Township; Jeffrey A. Beard, former Secretary of the DOC; Kandis K. Dascani, former Grievance Coordinator at SCI-Coal Township; and Dorina Varner, Chief Grievance Coordinator.

dismiss will be granted.

## I.   Background

### A.   Facts

In the complaint, Plaintiff provides the following factual background with respect to his claims.  For purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

In the complaint, Plaintiff alleges that on February 2, 2010, the DOC entered into a contract with the Commonwealth of Virginia to house Pennsylvania DOC inmates.  (Doc. 1 at 2.)  As a result, Plaintiff was transferred to a facility in Virginia on February 24, 2010.  (*Id*.)

Plaintiff further avers that, while incarcerated in Virginia from April 14, 2010 to July 18, 2010, he filed grievances in Pennsylvania requesting a shave exemption, presumably for an exemption in his Virginia facility.[2]  (*Id*.)

---

[2]  In his brief in opposition to the instant motion to dismiss, Plaintiff attaches grievances and responses thereto filed during this time period.  (Doc. 19-1 at 1-9.)  Because Plaintiff explicitly relies upon the grievances, the court will address these documents in its disposition of the instant motion to dismiss.  *See U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).

Defendants Varano, Varner, and Dascani denied his requests. (*Id.*) Plaintiff does not assert that he filed a request for a shave exemption with Pennsylvania DOC officials prior to his transfer to Virginia, or with Virginia DOC officials upon his arrival in Virginia.

**B.** **Procedural History**

Plaintiff filed his complaint on June 26, 2012. (Doc. 1.) By order dated July 5, 2012, the court directed service of the complaint on all Defendants named therein. (Doc. 7.) On September 4, 2012, DOC Defendants filed the instant motion to dismiss the complaint for failure to state a claim (Doc. 11), and filed a

---

On April 7, 2010, Plaintiff filed an informal complaint with officials at Virginia's Green Rock Correctional Center, where he was housed at the time, requesting Pennsylvania DOC grievance forms. (Doc. 19-1 at 2.) The Green Rock respondent, a Pennsylvania DOC liason, responded as follows:

> *I personally spoke with Mr. Kirk and explained that he would have to utilize the VA grievance system to address his issues. I also informed him that the only issue Pa would accept a grievance on was in regards to the transfer to Va.* Mr. Kirk indicated he did not want to grieve that issue and a Pa grievance form was hand delivered to him yesterday.

(*Id.*) (emphasis added). After receiving the Pennsylvania DOC grievance forms, on April 25, 2010, Plaintiff filed grievance number 316336 with the Pennsylvania DOC requesting a job at the Virginia facility with the same pay rate as he had previously with the Pennsylvania DOC. (*Id.* at 4.) Defendant Dascani denied the grievance on May 17, 2010, noting, "The [Interstate Corrections Compact] does not require Virginia to provide inmates with identical services as received while housed in Pennsylvania." (*Id.* at 5.) All of Plaintiff's appeals of this decision were denied, with the final appeal denied by the DOC's Secretary's Office of Inmate Grievances and Appeals filed on June 24, 2010. (*Id.* at 9.) Notably, neither Plaintiff's initial grievance nor any of his appeals raises the issue of his constitutional right to a shave exemption.

brief in support on September 18, 2012 (Doc. 13). On November 2, 2012, the

court directed Plaintiff to file a brief in opposition to the motion to dismiss no later

than November 16, 2012. (Doc. 15.) After the court granted Plaintiff an extension

of time (*see* Doc. 18), Plaintiff filed his opposition on November 23, 2012 (Doc.

19). Although the DOC Defendants have not filed a reply brief, the time for

responding has passed, and therefore, the motion to dismiss is ripe for disposition.


## II.    <u>Standard of Review</u>

Among other requirements, a sound complaint must set forth "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"Fair notice" in the context of Rule 8(a)(2) "depends on the type of case – some

complaints will require at least some factual allegations to make out a showing

that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224,

232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some

point, the factual detail in a complaint is so undeveloped that it does not provide a

defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A

plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *accord, e.g.*, *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation") (quotations and citations omitted).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at

570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party

6

questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." (internal quotation omitted)). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*,551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v.*

*Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III.  <u>Discussion</u>

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the alleged conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). The defendant's conduct must have a close causal connection to the plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[3] A prerequisite for a viable civil rights claim is that the defendant directed, or knew of and acquiesced in, the deprivation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, § 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who

---

[3] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285 (internal citations omitted).

8

might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from § 1983 liability. *Id*.

In the instant motion to dismiss, DOC Defendants contend that (1) Plaintiff's claims are barred by the applicable statute of limitations, (2) DOC Defendants lacked personal involvement in the alleged wrongs set forth in the complaint, (3) DOC Defendants are entitled to qualified immunity, and (4) Plaintiff's claims for injunctive and declaratory relief are moot. Because the court agrees that Plaintiff's claims are barred by the applicable statute of limitations, it need not address DOC Defendants' remaining arguments.

In reviewing the applicability of the statute of limitations to a Section 1983 action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996); *Saylor v. Ridge*, 989 F. Supp. 680, 686 (E.D. Pa. 1998). The United States Supreme Court clarified its decision in *Wilson* when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989); *Little v. Lycoming County*, 912 F. Supp. 809, 814 (M.D. Pa.), *aff'd*, 101 F.3d 691 (3d Cir.

1996) (Table).  Pennsylvania's applicable personal injury statute of limitations is two years.  *See* 42 Pa. Cons. Stat. Ann. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).

Further, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original).  A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982); *see also Oshiver v. Levin, Fishbein, Sedren & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994) ("[T]he accrual date is not the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff *discovers* that he or she has been injured.") (emphasis in original).  "Plaintiff's actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not [knowledge] that the injury constitutes a legal wrong." *Fassnacht v. United States*, 1996 WL 41621, *2 (E.D. Pa. Feb. 2, 1996) (citing *Oshiver*, 38 F.3d at 1386).

A statute of limitations defense may be raised through a 12(b)(6) motion only if it is clear from the face of the complaint that the action is time barred. *Benak v. Alliance Capital Mgmt., L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006).

Here, the claims set forth in the complaint all stem from Plaintiff's transfer to a corrections facility in Virginia on February 24, 2010. Again, Plaintiff claims that his constitutional rights were violated by transferring him to a facility in Virginia which allegedly did not accommodate his religious right to a shave exemption. Plaintiff was transferred on February 24, 2010, and it is reasonable to conclude that Plaintiff knew or had reason to know of his injury at the time of, or shortly after, his transfer. Therefore, the two-year statute of limitations period began to run at that time and expired in February 2012. Plaintiff did not file his complaint in this action until June 26, 2012, four months after the expiration of the statute of limitations. As a result, the claims in Plaintiff's complaint are time-barred.

Further, in his complaint, Plaintiff alleges that he filed grievances regarding the shave exemption with the Pennsylvania DOC Defendants between April and July 2010. In their motion to dismiss, DOC Defendants argue that Plaintiff's filing of grievances in Pennsylvania does not toll the statute of limitations because any remedy Plaintiff had regarding a shave exemption was through the Virginia DOC. Because Plaintiff did not properly exhaust his administrative remedies, DOC Defendants argue that his asserted exhaustion attempts have no bearing on the statute of limitations for his claims regarding his transfer and shave exemption.

In his brief in opposition, Plaintiff claims that the Virginia DOC officials informed him that he had to file a grievance related to his transfer with Pennsylvania DOC officials. (*See supra*, note 2 at 2-3.)

Various courts of appeals, as well as district courts in the Third Circuit, have concluded that the statute of limitations is tolled for the time period during which a prisoner exhausts his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Collins v. Derose*, No. 08-0744, 2009 WL 812008, *3 (M.D. Pa. Mar. 26, 2009); *Houseknecht v. Doe*, No. 06-4597, 2007 WL 1853962, *2 (E.D. Pa. June 26, 2007). Even accepting as true Plaintiff's assertion with respect to the filing of grievances related to the shave exemption in the Pennsylvania DOC, Plaintiff's claims are not tolled by the statute of limitations because Plaintiff did not properly attempt to exhaust his administrative remedies in the Virginia facility where he was confined at the time. *See Shakuur v. Costello*, 230 F. App'x 199, 201 (3d Cir. 2007) (finding statute of limitations not tolled because plaintiff failed to properly exhaust administrative remedies, thereby affirming district court decision granting a motion to dismiss on the basis of untimeliness of the complaint). Moreover, while Plaintiff claims that Virginia

12

DOC officials informed him that he would have to file grievances relating to his transfer with Pennsylvania DOC officials, the averments in his complaint relate only to his request for a shave exemption with Pennsylvania DOC officials.[4] Thus, the court agrees with DOC Defendants that Plaintiff's grievances referenced in his complaint have no bearing on the statute of limitations for Plaintiff's claim surrounding his transfer.[5]  Consequently, since Plaintiff's claims are barred by Pennsylvania's controlling statute of limitations, they will be dismissed as time barred, and Plaintiff will not be given leave to amend due to the futility of any amendment.

---

[4] To the extent that Plaintiff is seeking to impose liability against DOC Defendants based on their role in denying his grievances and appeals therefrom, the court notes that participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. *See Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); *Croom v. Wagner*, No. 06-1431, 2006 WL 2619794, *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); *Ramos v. Pa. Dept. of Corr.*, No. 06-1444, 2006 WL 2129148, *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement).  Here, Plaintiff's claim that DOC Defendants' Varano, Varner, and Dascani denied his grievances related to the shave exemption fails to establish personal involvement for purposes of § 1983.

[5] Even construing Plaintiff's complaint as containing a stand-alone claim that his constitutional rights were violated when he was transferred to the Virginia facility, Plaintiff fails to state a claim.  It is well-settled that an inmate has no inherent federal liberty interest guaranteeing that he remain in a particular prison, either within the same state or interstate.  *Olim v. Wakinekona*, 461 U.S. 238, 247 (1983); *Beshaw v. Fenton*, 635 F.2d 239 (3d Cir. 1980).

**IV.** **Conclusion**

For the reasons set forth above, the motion to dismiss will be granted on the basis that Plaintiff's claims are barred by the applicable statute of limitations. In addition, Plaintiff will not be permitted to file an amended complaint.

An appropriate order will issue.


S/SYLVIA H. RAMBO
United States District Judge


Dated: May 23, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NELSON KIRK,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-12-01213** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **SUPERINTENDENT DAVID VARANO,** | : | |
| ***et al.*,** | : | |
| | : | |
| **Defendants** | : | |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1) The motion to dismiss (Doc. 11) is **GRANTED** with prejudice.

2) The Clerk of Court is directed to **CLOSE** this case.

3) Any appeal from this order is **DEEMED** frivolous and not taken in good

faith. *See* 28 U.S.C. § 1915(a)(3).

_____
S/SYLVIA H. RAMBO
United States District Judge

Dated: May 23, 2013.